FILED

2006 Feb-27  AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SOUTHTRUST BANK, an Alabama banking corporation,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | **Case No.:   2:04-CV-0354-RDP** |
| **v.** | } | |
| | } | |
| **COLLINS HOLDING CORPORATION, f/k/a COLLINS MUSIC CO., INC., a/k/a COLLINS MUSIC COMPANY, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it SouthTrust Bank's Renewed Motion for Attorneys' Fees (Doc. # 81).

The motion has been fully briefed.

In its renewed motion for attorneys' fees, [1] SouthTrust seeks a fee award in the amount of

$89,378.38, which includes fees and expenses incurred as of the date of filing the renewed motion

for attorneys' fees, plus an additional $2000.00 which SouthTrust expects to incur after the filing of

---

[1] SouthTrust first filed a motion for attorneys' fees in July 2005. (Doc. # 73). In September 2005, Defendants informed the court and SouthTrust that they intended to file a Petition for Writ of Certiorari with the Supreme Court of the United States. Thereafter, on September 27, 2005, the court entered an order finding the first fee motion moot, but stating that "[i]f appropriate, Plaintiff is free to file a motion for attorneys' fees at a later date. The court will retain jurisdiction over this case to enforce any dispute about attorneys' fees." (Doc. # 80). On October 14, 2005, the Defendants filed a Petition for Writ of Certiorari with the Supreme Court, and on November 28, 2005, the Supreme Court entered an order denying Defendants' petition. Thereafter on December 27, 2005, SouthTrust filed a renewed motion for attorneys' fees. Upon receipt of SouthTrust's second fee motion, the court ordered the parties to meet and attempt to resolve their differences or reduce the areas of dispute regarding the fee request at issue. (Doc. # 82). SouthTrust represents that it has compromised and reduced the amount of fees requested, (Doc. # 81, Ex. 2), although the parties have been unable to resolve their disagreement over the remaining fees sought.

its motion. (Doc. # 83, at 4 n.2). SouthTrust maintains that it is contractually entitled to attorneys'

fees pursuant to the Loan Documents, which evidence that Defendants promised to pay to

SouthTrust all indebtedness due and owing thereunder, including principal, interest, bank late fees,

attorneys' fees, and collection costs. (Doc. # 83, at 1-2, ¶ 2)[2]  SouthTrust correctly points out that

on appeal, the Eleventh Circuit stated that this court's October 22, 2004 order enforcing the

settlement agreement does not preclude SouthTrust from requesting attorneys' fees.

Defendants argue that SouthTrust is not entitled to attorneys' fees because the Memorandum

of Understanding – not the Loan Documents – governs this dispute and fails to provide for an award

of attorneys' fees. Alternatively, Defendants maintain that even if the Loan Documents are

controlling, pursuant to the Memorandum of Understanding, SouthTrust has conveyed its right, title

and interest in the Loan Documents to Defendants and therefore no longer possesses a contractual

right to attorneys' fees.[3]

For the reasons outlined below, the court finds that SouthTrust's fee request is due to be

granted, in part, and denied, in part.

## I.     Right to Recover Attorneys' Fees

The appeal filed by Defendants in this case was an attempt to set aside this court's October

---

[2] There is no dispute that SouthTrust does not have a statutory right to attorneys' fees. Thus, the only possible basis for an award of attorneys' fees in this case is contractual.

[3] Although Defendants also claim that SouthTrust's request for attorneys' fees does not comply with Eleventh Circuit Rule 39-2, which requires that a request for appellate attorneys' fees and costs be filed with the Eleventh Circuit and not with the district court, that rule is not applicable to this case. This court clearly retained jurisdiction of this case to enforce any dispute regarding attorneys' fees. (Doc. # 80). Moreover, Rule 39-2(a) applies to statutory fees only and not to contractual attorneys' fees. *See* Eleventh Circuit Rule 39-2 ("For purposes of this rule, the term 'attorney's fees' include fees and expenses authorized by statute.")

2004 order enforcing the settlement agreement reached at mediation between the parties as memorialized in the Memorandum of Understanding. The challenged term of the Memorandum of Understanding provides that if the IGT judgment was paid before June 1, 2004 – which it was – SouthTrust is entitled to recover all outstanding principal, interest and fees due under the Loan Documents. The Loan Documents provide in pertinent part: "Borrower shall pay or reimburse [SouthTrust] upon demand for all reasonable and necessary expenses (including without limitation, attorneys' fees and expenses) incurred or paid by or in connection with: … litigation, contest, dispute, suit or proceeding or action…*in any way relating to* the Collateral, *the Loan Documents*, or the Borrower's affairs…." Accordingly, the court finds that the Memorandum of Understanding, the validity of which was challenged in this lawsuit, is directly related to the enforcement of the Loan Documents, thus entitling SouthTrust to recover attorneys' fees.[4]

Defendants' argument that the Memorandum of Understanding is a separate, independent agreement is without merit. Indeed, this court – without objection from Defendants – awarded attorneys' fees incurred in the enforcement action from which Defendants appealed. To argue that SouthTrust now cannot recover attorneys' fees for the defense of the appeal from that enforcement action is simply not consistent with the parties' previous arguments and the court's prior rulings.

The court is likewise not persuaded by Defendants' alternative argument that SouthTrust's conveyance of the Loan Documents to Defendants precludes it from seeking recovery of attorneys' fees. The Eleventh Circuit clearly noted, "We do not read the district court's order requiring SouthTrust 'to convey all of the bank's rights, title and interest in and to the notes and loan

---

[4] Finally, the court notes that it was Defendants who agreed to the terms of the Memorandum of Understanding and then later attempted to renege on a key term of that agreement. That breach caused Plaintiff to incur some of the fees that the court is awarding today.

3

documents evidencing all of defendants' indebtedness to the bank' as precluding SouthTrust from requesting contractual attorneys' fees and collection costs following resolution of this appeal." (Doc. # 72). The Eleventh Circuit made clear that even if SouthTrust had conveyed possession and all its interest in the Loan Documents, [5] that does not preclude SouthTrust from seeking recovery of attorneys' fees thereunder.

## II.    Reasonableness of Attorneys' Fees

Having determined that SouthTrust has a contractual right to attorneys' fees incurred in its defense of the appeal, the court must now determine if the fees sought are reasonable and necessary. A large majority of the fees - $71,440.33 to be exact - is apparently not in dispute. Defendants' opposition to the renewed fee motion indicates that they contest only $17,938.05 of SouthTrust's fees, as outlined in a chart in their brief (Doc. # 84, at 7-10), on the grounds that those fees/costs were duplicative or unreasonable. SouthTrust represents that the $17,938.05 in contested fees consists of the following categories: (1) $3,706.00 related to the first motion for attorneys' fees filed in this court; (2) $1,600.00 related to the renewed motion for attorneys' fees; (3) $8,430.66 related to SouthTrust's cross-appeal; (4) $2,212.50 related to Barry Flowers' review of the district court briefs and the record on appeal; (5) $111.23 for retrieval of files from storage; (6) $900 for the filing with regard to Eleventh Circuit Local Rule 28; and (7) $977.66 for legal assistant time.

The standard for determining the reasonableness of attorneys' fees is articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Peebles v. Miley*, 439 So.2d 137 (Ala. 1983). The factors to be considered include: (1) time and labor required; (2) novelty or

---

[5] SouthTrust represents that, per an agreement between the parties, SouthTrust remains in possession of the Loan Documents.

4

difficulty of the questions; (3) skill required to perform the legal services; (4) the preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19; *Peebles*, 439 So.2d 137, 140-41. The determination of the reasonableness of attorneys' fees is within the sound discretion of this court. *Lanier v. Moore-Handley, Inc.*, 575 So.2d 83, 85 (Ala. 1991).

Of the $17,938.05 in disputed fees, the court finds that approximately $5306.00 are reasonable and necessary, which includes the fees related to the SouthTrust's first motion for attorneys' fees filed in this court ($3706.00) and the fees related to its renewed motion for attorneys' fees ($1600.00). However, the court finds that the other fees in dispute, including the fees related to SouthTrust's cross-appeal and the time expended by Mr. Flowers to review the district court briefs and the record on appeal, were not reasonable or necessary to the appeal defense and therefore are not recoverable. For example, SouthTrust's contention that the cross-appeal was necessary to preserve its right to attorneys' fees is simply inconsistent with the Eleventh Circuit's finding that the cross-appeal was premature. (Doc. # 72). By definition, a premature cross-appeal is not a necessary cross-appeal. Likewise, the court finds that the $2,212.50 related to newly associated appellate counsel Barry Flowers' review of the district court briefs and the record on appeal was unnecessary given the straightforward law applicable to this case, easily digestible record, and significant amount of research conducted by SouthTrust's counsel prior to the appeal. Neither this court nor the Eleventh Circuit had difficulty summarizing the legal issues in this case; lawyers who charge the

5

hourly rates of those involved in this case should not have either.   Finally, the court is concerned about the redundancy and necessity (or lack thereof) of some of the entries.  For example, on July 27, 2005, "MI" expended a grand total of 18 minutes to calendar Defendants' deadline for filing his petition for writ of certiorari with the Supreme Court.  A mere two months later "MI" spent *another 24 minutes* "check[ing] deadlines for [Defendants] to file a Writ of Cert. with the Supreme Court." The court cannot and will not charge Defendants for those entries.

Therefore, the court finds that only $5306.00 of the $17,938.05 in disputed fees were reasonable and necessary and therefore recoverable.

## III.   Conclusion

The court finds that SouthTrust is entitled to recover $76,746.33 in attorneys' fees, which includes $71,440.33 in uncontested fees and $5306.00 of the contested amount.  A separate order will be entered.

**DONE** and **ORDERED** this ___24th___ day of February, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

6